Dismissed and Memorandum Opinion filed October 27, 2005









Dismissed and Memorandum Opinion filed October 27,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01033-CR

NO. 14-05-01034-CR

____________

 

JASON
THOMAS CRYER, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 178th District Court

Harris
County, Texas

Trial Court Cause Nos. 1032254 & 1032687

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N








Appellant entered a guilty plea to felony theft in cause
number 1032254.  Appellant also entered a
guilty plea to burglary of a habitation with intent to commit theft in cause
number 1032687.  In accordance with the
terms of a plea bargain agreement with the State, the trial court sentenced
appellant in each case on August 26, 2005, to confinement for three years in
the Institutional Division of the Texas Department of Criminal Justice, with
the sentences to be served concurrently. 
Appellant filed a pro se notice of appeal in each case.[1]  Because appellant has no right to appeal, we
dismiss.  

In each case, the trial court entered a certification of the
defendant=s right to appeal in which the court
certified that each is a plea bargain case, and the defendant has no right of
appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court=s certifications are included in the
records on appeal.  See Tex. R. App. P. 25.2(d).

Accordingly, we dismiss the appeals.  

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed October 27, 2005.

Panel consists of Chief Justice
Hedges and Justices Yates and Anderson. 

Do Not Publish C Tex. R. App.
P. 47.2(b).

 

 











[1]  The printed
form notices of appeal in our records are not signed by appellant.  The notices are dated, signed by the trial
judge, and file-stamped by the district clerk, however.  In view of our disposition of these appeals,
we need not address the sufficiency of appellant=s
notices of appeal.  See Tex. R. App. P. 25.2(c) (requiring
notice of appeal to be in writing, filed with the trial court clerk, and show
the defendant=s desire to appeal).